IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| HONG SIMPSON, | ) | Civil Action No.: 5:19-cv-00385 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | |
| IPEARL, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff, Hong Simpson, by and through her counsel, brings claims pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, (the "FLSA") and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1 *et seq.* against iPearl, Inc. ("iPearl" or "Defendant") and alleges, upon information and belief, as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) and she seeks to recover unpaid overtime compensation and statutory penalties during the three-year period preceding the filing of this Complaint.

2. Plaintiff's FLSA claims result from Defendant's policy and practice of failing to pay Plaintiff an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

3. Defendant failed to pay all wages earned by Plaintiff pursuant to the NCWHA. Specifically, iPearl violated N.C. Gen. Stat. §§ 95-25.1 et. seq by failing to pay Plaintiff all earned wages due on her regular paydays and due on the next regular payday following the termination of her employment.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer… in any Federal or State court of competent jurisdiction."

5. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §§ 1331 because Plaintiff's claims arise under federal law.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they arise out of the same common nucleus of facts giving rise to Plaintiff's FLSA claims.

7. Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business within this District and the actions and omissions giving rise to the claims pled in this Complaint occurred within this District.

8. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

## THE PARTIES

9. Plaintiff, Hong Simpson, is a resident of Raleigh, North Carolina, and worked for Defendant as an hourly paid, non-exempt Sales Representative at its facility located at 2025 Production Drive, Apex, NC 27539.

10. Defendant is a corporation existing under the laws of the State of North Carolina with its principal place of business located in Apex, North Carolina. Defendant is registered to conduct business in North Carolina.

## COVERAGE ALLEGATIONS

11. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

12. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00.

13. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of 3(e) of the FLSA, 29 U.S.C. § 203(e).

14. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206.

15. At all times herein mentioned, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

16. At all times hereinafter mentioned, Defendant was an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(5).

17. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(5).

## PLAINTIFF'S FACTUAL ALLEGATIONS

18. Defendant is a manufacturer of hard-shell casings for computers that it sells primarily through online sales platform, like Amazon, and it owns and operates a facility located in Apex, North Carolina.

19. Plaintiff worked for Defendant as an hourly-paid sales representative. As a sales representative, Plaintiff drafted inventory reports, compiled data necessary for ordering stock, and collaborated with Amazon's representatives, among other things.

20. Plaintiff began working for Defendant in November 2015, at its Apex facility.

21. Plaintiff worked overtime in multiple weeks during the FLSA statutory period immediately preceding the filing of this Complaint including, but not limited to, the week of December 5, 2016 where Plaintiff worked approximately 42.8 total hours.

22. Plaintiff was initially paid approximately $20.00 an hour, $22.00 an hour following a raise in September 2016, and $23.00 an hour after a pay raise in September 2018. When Plaintiff worked overtime, she was compensated at a variable overtime premium less than 1½ times her regular pay and sometimes was not paid an overtime premium at all.

23. Despite the fact that Plaintiff did not meet any test for exemption under the FLSA, Defendant failed to pay her the requisite overtime rate of 1½ times their regular rate for all hours worked more than 40 hours per week ("Overtime Hours").

24. Defendant maintained an unwritten policy allowing employees to take lunch and short personal breaks during their shifts, to be taken when time allows.

25. Defendant required Plaintiff to "clock-out" before starting any personal or meal break and "clock-in" after her break. During her employment with Defendant, Plaintiff "clocked out" to take short personal breaks lasting less than 30 minutes. Defendant did not compensate Plaintiff for that time and it did not use break time in calculating Plaintiff's overtime hours in a workweek.

26. By engaging in the conduct described above, Defendant has acted with willful and/or reckless disregard for Plaintiff's rights under the FLSA and NCWHA.

27. Plaintiff has been harmed as a direct and proximate result of Defendant's unlawful conduct.

28. Defendant's willful actions and/or willful failures to act, included, but were not necessarily limited to:

   a. Defendant maintained payroll records which reflected that Plaintiff did, in fact, regularly work Overtime Hours and therefore, Defendant had actual knowledge that Plaintiff worked overtime;

   b. Defendant knew that it did not pay Plaintiff one and one half (1½) times her regular rate of pay for all Overtime Hours worked;

   c. Defendant maintained time sheets which reflected that it automatically deducted personal breaks from Plaintiff; and

   d. Defendant was aware that it would (and did) benefit financially by failing to pay Plaintiff an overtime premium pay for all Overtime Hours worked and failing to pay Plaintiff all regular wages earned.

## COUNT I
### (Violation of FLSA – Overtime)

29. Plaintiff incorporates by reference paragraphs 1-28 of her Complaint.

30. Defendant violated the FLSA by failing to timely pay all overtime wages earned by Plaintiff.

31. Defendant violated the FLSA by failing to pay Plaintiff an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

32. Defendant violated the FLSA by failing to comply with the timekeeping and recordkeeping provisions of the FLSA.

33. Defendant's violations of the FLSA were willful.

## COUNT II

### (Violation of NCWHA – Unpaid Wages)

34. Plaintiff incorporates by reference paragraphs 1-33 of her Complaint.

35. Defendant violated the NCWHA by failing to timely pay Plaintiff all wages due on regular paydays during her employment with it.

36. Defendant's refusal to timely pay Plaintiff her earned wages on the next regular payday was willful.

37. Defendant violated Section 95-25.6 of the NCWHA, N.C. Gen. Stat. § 95-25.6.

## COUNT III

### (Violation of NCWHA – Failure to Pay Wages at Separation)

38. Plaintiff incorporates by reference paragraphs 1-37 of her Complaint.

39. Defendant failed to pay all earned wages that were due and owing on the next regular payday following its termination of Plaintiff's employment in violation of N.C. Gen. Stat. § 95-25.7.

40. Defendant's violation of the NCWHA in failing to pay Plaintiffs' earned wages was willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

a) An Order pursuant to 95-25.22 of the NCWHA finding Defendant liable for unpaid regular wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

c) An Order awarding the costs of this action;

d) An Order awarding reasonable attorneys' fees;

e) A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

f) A Declaration and finding by the Court that Defendant willfully violated the provisions of the NCWHA by failing to comply with the overtime requirements of the NCWHA act;

g) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

h) An Order granting such other and further relief as may be necessary and appropriate.

Dated: August 30, 2019        Respectfully Submitted,

/s/ Jason S. Chestnut
Philip J. Gibbons, Jr., NCSB #50276
Craig L. Leis NCSB #48582
Jason S. Chestnut, NCSB # 52066

**GIBBONS LEIS, PLLC**
14045 Ballantyne Corporate Place, Ste. 325
Charlotte, NC 28277
Telephone: 704-612-0038
Email: phil@gibbonsleis.com

craig@gibbonsleis.com
jason@gibbonsleis.com